This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**

    Plaintiff-Appellee,

v.                                 **NO. 35,764**

**JOSHUA GUTIERREZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark T. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellant Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}    Defendant has appealed from a judgment and sentence, entered following an

amenability hearing. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore uphold the judgment and sentence.

{2} Because we previously set forth the relevant background information in the notice of proposed summary disposition, we will not reiterate at length here. Instead, we will focus on the content of the memorandum in opposition.

{3} Defendant renews his argument that the district court erred in determining that he is not amenable to treatment. [DS 8; MIO 4] However, the record reflects that the district court duly considered the relevant evidence and the statutory factors in concluding otherwise. [RP 222-23, 228, 253, 265-78] *See* NMSA 1978, § 32A-2-20(C) (2009); *State v. Jones*, 2010-NMSC-012, ¶ 48, 148 N.M. 1, 229 P.3d 474 (holding that compliance with Section 32A-2-20 is an essential prerequisite to the imposition of an adult sentence on any youthful offender). Ultimately, we conclude that the district court acted within its discretion. *See, e.g., State v. Trujillo*, 2009-NMCA-128, ¶¶ 14-19, 147 N.M. 334, 222 P.3d 1040 (arriving at a similar conclusion under analogous circumstances).

{4} Defendant continues to assert that the procedural history of this case, in the course of which he had "aged out" of the juvenile system, should not have weighed

against him in the amenability calculus. [MIO 8-9] However, as we previously observed, despite acknowledging this dilemma, our Supreme Court has held that amenability is to be evaluated in light of the offender's age *at the time of the hearing*, rather than at earlier stages of the proceedings. *Jones*, 2010-NMSC-012, ¶ 56. We are not at liberty to reconsider this. *See State v. Wilson*, 1994-NMSC-009, ¶¶ 2, 5, 116 N.M. 793, 867 P.2d 1175 (stating that this Court is bound by our Supreme Court precedent).

{5}     Finally, Defendant contends that the district court placed undue emphasis on the crime, and gave insufficient consideration to the "evolving science" on adolescent development, [MIO 5] particularly with respect to juveniles' "underdeveloped sense of responsibility," susceptibility to peer pressure, and greater capacity for reformation. [MIO 5-6] Although these considerations are relevant, they are not controlling. The record before us reflects that the judge concluded that Defendant's status as a juvenile at the time of the commission of the crime did not outweigh countervailing concerns, including both the circumstances surrounding the commission of the underlying offense and Defendant's individual history and circumstances, which militated against a finding of amenability to treatment. [RP 274-75] We perceive neither legal error, nor abuse of discretion. We therefore remain unpersuaded by Defendant's suggestions that the district court "misunderstood the scientific underpinnings of juvenile behavior"

3

[MIO ] and/or abdicated its duty [MIO 8] to engage in the requisite inquiry.

{6}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{7}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**HENRY M. BOHNHOFF, Judge**